UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NAGYA AHMED HASSAN El-ASSAL EL-
HABASHY, individually and as successor-in-interest,
and on behalf of the heirs and estate of Captain
Ahmed Mahmoud El-Habashy, deceased, et al.,

**REPORT AND RECOMMENDATION**

- v -  00-CV-7160 (FB) (ASC)
00-MDL-1344 (FB) (ASC)

BOEING CO., et al.,

        Defendants.
------------------------------------------------------------------x

       By letter dated December 22, 2004, former counsel for the plaintiffs in this action, Bowles & Verna LLP, have asked that the court amend its order dated December 8, 2004 which relieved Bowles & Verna LLP from further representation of certain of those plaintiffs (hereinafter the "subject plaintiffs").[1] That order adopted the Report and Recommendation of Magistrate Judge Chrein[2] which was issued in response to a motion made jointly, under seal, by Bowles & Verna LLP and another law firm, Sterns & Walker, who together served as counsel of record for all of the plaintiffs. Apparently through oversight, however, Judge Chrein's Report and Recommendation referred to the motion as a motion made only by Bowles & Verna and thus did not address the further status of Sterns & Walker. Through further oversight, moving counsel did not notice that the Report and Recommendation only

---

    [1]The motion sought leave to withdraw from representation of the following plaintiffs: Hala Mohamed Attia Mohamed Mahmoud, Mahroussa Abdel Fatah Mohamed El-Beshbishy, Tarek Anwar Hosny Ibrahim, Hisham Anwar Hosny Ibrahim, and Marwa Anwar Hosni Ibrahim, individually and as successors-in-interest to the rights of Adel Anwar Hosny Ibrahim, deceased; EngyAhmed Mahmoud El-Habashy, individually, as guardian ad litem for Adham Ahmed Mahmoud El-Habashy, and as successor-in-interest to the rights of Captain Ahmed Mahmoud El-Habashy, Nagya Ahmed Hassan El-Assal, Ashraf Ahmed Mahmoud El-Habashy, and Asser Ahmed Mahmoud El-Habashy, individually and as successors-in-interest to the rights of Captain Ahmed Mahmoud El-Habashy, deceased; and Magda Said Omar Kayed, individually, as guardian ad litem for Omar E. Sayed Raouf Nour El-Din, and as successor-in-intereste to the rights of Captain El Sayed Raouf Nour El-Din Abdel Latif, Laila El Sayed Raouf Nour El Din Abdel Latif, and May El Sayed Raouf Nour El-Din Abdel Latif, individually and as successors-in-interest to the rights of Captain El Sayed Raouf Nour El-Din Abdel Latif, deceased.

    [2]Magistrate Judge Chrein passed away on March 15, 2005.

recommended that Bowles & Verna be relieved. Thus, this court's order dated December 8, 2004 adopting the Report and Recommendation had the effect of only relieving Bowles & Verna, leaving Sterns & Walker as counsel of record for the subject plaintiffs. The movants now seek to amend the December 8, 2004 order so that it relieves Sterns & Walker as well.

The courts has reviewed the moving papers upon which Judge Chrein relied in making the recommendation that Bowles & Verna be permitted to withdraw.[3] Those papers made no distinction between Bowles & Verna and Sterns & Walker in describing the reasons for seeking leave to withdraw. Thus, although this court agrees with Judge Chrein's assessment that the papers are lacking in desirable detail, they leave little doubt that the relationship between the subject plaintiffs and all counsel, including Sterns & Walker, was such that continued representation of the subject plaintiffs by counsel was not feasible. As Judge Chrein noted, none of the subject plaintiffs opposed the application to withdraw but simply wished to have time to obtain substitute counsel. It is also clear to this court, that had the movants drawn Judge Chrein's attention to the fact that the motion had been made jointly, he would have modified his Report and Recommendation to include a recommendation that Sterns & Walker also be relieved.

For the foregoing reasons, it is my recommendation that the motion by Sterns & Walker to be relieved as counsel for the subject plaintiffs be granted, either by an amendment to the December 8, 2004 order, or by a new order.

\*          \*          \*          \*          \*          \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S.

---

[3]In response to this court's order dated April 20, 2005, an additional copy of the moving papers has been furnished to the court by Bowles & Verna, and those papers will be filed in the record under seal.

Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

      Moving counsel shall serve a copy of this Report and Recommendation on the subject plaintiffs by regular mail and file proof of such service in the record.

                                                    *Viktor V. Pohorelsky*
                                                    VIKTOR V. POHORELSKY
                                                    United States Magistrate Judge

Dated:        Brooklyn, New York
                May 17, 2005